IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALEEM LARONDE,
      Plaintiff,

vs.                                                                    Case No.:  3:12cv369/RV/EMT

SERGEANT MASON,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's notice of voluntary dismissal of the instant civil rights case, filed pursuant to 42 U.S.C. § 1983, without prejudice (doc. 16).  Plaintiff indicates that he seeks dismissal because he has a parallel case pending in state court which has progressed further than this case.[1]

Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because Defendant has not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's notice of voluntary dismissal (doc. 16) be **GRANTED** to the extent that this case be **DISMISSED without prejudice**.

At Pensacola, Florida, this 18th day of October 2012.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff also seeks "termination of the $350.00" lien, which represents the filing fee in this case (doc. 16 at 1).  Plaintiff is not entitled to such relief.  *See* 28 U.S.C. 1915; *see also* doc. 9 at 2 (order advising Plaintiff that "dismissal or other disposition of this action will not relieve him of the obligation to pay the full filing fee").

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**